UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY CURRY,

    Plaintiff,

v.                                                    Case No. 8:22-cv-2071-TPB-MRM

THOMAS JENKINS, et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on "Defendants' Motion to Dismiss Third Amended Complaint and Incorporated Memorandum of Law," filed on June 7, 2023. (Doc. 31). On June 28, 2023, Plaintiff Bobby Curry filed a response in opposition. (Doc. 37). After reviewing the motion, response, legal arguments, court file, and the record, the Court finds as follows:

**Background**[1]

According to Plaintiff, on February 12, 2020, he called law enforcement to assist with a wellness check on his mother when she did not answer the door. Plaintiff provided Defendant Deputy Thomas Jenkins with his full name and date of birth, which was used to check for any outstanding warrants. Plaintiff alleges that

---

[1] The Court accepts as true the facts alleged in Plaintiff's amended complaint for purposes of ruling on the pending motions to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

he was arrested on February 13, 2020, by Deputy Jenkins at Plaintiff's residence based on a felony arrest warrant issued by the Circuit Court of Cook County, Illinois.

Plaintiff contends that the arrest by Deputy Jenkins was illegal because there was no valid felony warrant at the time of his arrest and because his arrest "lacked probable cause." Plaintiff claims that Defendant Hillsborough County Sheriff Operator #100 did not properly verify the existence of a valid felony warrant. Plaintiff also complains about errors in the criminal report affidavit, which stated that he was arrested on February 14, 2020. Plaintiff alleges that the warrant, which contained incorrect information, was approved by Defendant Corporal Jennifer Grecco.

Plaintiff brings the following claims: conspiracy (Count 1), intentional infliction of emotional distress (Count 2), police misconduct (Count 3), failure to investigate (Count 4), malicious prosecution (Count 5), and Fourth Amendment Violation (Count 6). He sues all Defendants in their official capacities, seeking $50,800,000.00 in damages.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-

62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff."  *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

As Plaintiff in this case proceeds *pro se*, the Court more liberally construes the pleadings.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).  However, a *pro se* plaintiff must still conform to procedural rules, and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff.  *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

<u>Analysis</u>

*Fictitious Party Pleading*

"[F]ictitious-party pleading is generally not permitted in federal court" unless "the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Kabbaj v. John Does 1-10*, 600 F. App'x 638, 641 (11th Cir. 2015) (quoting *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)).  In this case,

Plaintiff fails to provide any detail whatsoever about the identity of "Hillsborough County Sheriff Operator #100." Plaintiff only alleges that the operator "did not confirm any warrant."

These vague allegations "do not fit the limited exception to the general prohibition against fictitious-party pleading in federal court." *See Uppal v. Wells Fargo Bank, NA*, No. 8:19-CV-1334-T-02JSS, 2019 WL 5887182, at *6 (M.D. Fla. Nov. 12, 2019), *appeal dismissed sub nom. Uppal v. Wells Fargo Fin.*, No. 19-14953-H, 2020 WL 1250494 (11th Cir. Mar. 10, 2020) (*sua sponte* dismissing John Doe Defendants based on vague allegations). "Hillsborough County Sheriff's Operator # 100" is therefore dismissed from this action.

### *Shotgun Pleading*

Defendants argue that the complaint should be dismissed as a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1)  complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2)  complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete

> with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3)  complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and
>
> (4)  complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

The third amended complaint constitutes a shotgun pleading. Initially, the Court notes that Plaintiff does not set out his allegations and claims in separately numbered paragraphs, as required. *See* Fed. R. Civ. P. 10(b). Plaintiff filed what appears to be a separate statement of facts (pages 4-6) and separate statement of claims (pages 7-10), but his claims do not state any facts or incorporate the facts previously alleged. Plaintiff appears to improperly mix claims against different Defendants, making it difficult for Defendants to respond accordingly and present defenses, and for the Court to appropriately adjudicate this case. Plaintiff also does not identify which claims are state law claims and which claims are federal law claims, as discussed below. This distinction is important for several reasons, including the availability of certain defenses.

In light of Plaintiff's *pro se* status, the Court will grant leave to amend. Any amended complaint should comply with the Federal Rules of Civil Procedure,

including Rule 10, and the Local Rules of this Court. The amended complaint should indicate – at the top of each count – which defendant is being sued in that count, and each count should contain or incorporate factual allegations identifying the acts or omissions of each named defendant.

*Punitive Damages*

The third amended complaint seeks punitive damages in the total amount of $33,000,000.00. However, under § 768.28, *F.S.* and federal law, punitive damages are not permitted. *See* § 768.28(5)(a), *F.S.* ("The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment."); *Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir. 1995) (barring punitive damages award against sheriff in his official capacity); *Turner v. Wester*, 5:20cv199-MCR-MJF, 2021 WL 1564324, at *4 (N.D. Fla. Apr. 21, 2021) (granting motion to dismiss as to punitive damages claims because punitive damages may not be recovered under § 1983 on official capacity claims). The motion to dismiss is therefore granted as to this ground. Plaintiff should not include a request for punitive damages against the Sheriff or Defendants in their official capacities in any amended complaint.

*Failure to State a Claim*

Count 1 – Conspiracy

In Count 1, Plaintiff claims that Defendants conspired to arrest him on an invalid warrant. To establish a prima facie case of a § 1983 conspiracy, a plaintiff

must show that "the defendants reached an understanding to deny the plaintiff's rights[,]" along with "an underlying actual denial of [his] constitutional rights." *Burge v. Ferguson*, 619 F. Supp. 2d 1225, 1237 (M.D. Fla. 2008) (quoting *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008)). To state a conspiracy claim, a plaintiff must make "particularized allegations" that a conspiracy exists; vague and conclusory allegations are not enough. *Id*. Plaintiff fails to allege any of the required elements and make the particularized allegations required to state a claim for conspiracy.

Plaintiff brings his claims against Defendants in their official capacities. "The Eleventh Circuit has clearly established that suits brought against individuals in their official capacities for violations of 42 U.S.C. § 1983 are tantamount to suing the municipality itself." *Geidel v. City of Bradenton Beach*, 565 F. Supp. 2d 1359, 1369 (M.D. Fla. 1999) (citing *Busby v. City of Orlando*, 931 F.2d 764, 766 (11th Cir. 1991)). As such, although Plaintiff chose to sue Defendants in their official capacities, his intended defendant is actually the Sheriff. *See id*.

It is well-established that a § 1983 claim may not be brought against supervisory officials simply on the basis of vicarious liability or respondeat superior. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Instead, a supervisor can be liable only when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervisor and the alleged constitutional violation. *Id*. "In the absence of personal participation, the causal connection can be shown where a supervisor's

policy or custom results in deliberate indifference to constitutional rights, or where 'the facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Turner*, 2021 WL 1564324, at *3 (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).

Plaintiff has not sufficiently alleged that the Sheriff is liable for any violation of § 1983 because he "failed to establish that the Defendant Officers' actions were due to a policy or custom of the City." *See id*. Additionally, he fails to establish an agreement between the Sheriff and Defendants to violate his constitutional rights, which is necessary to allege a § 1983 conspiracy. *See id*.

Based on Plaintiff's response in opposition and the exhibits attached to the third amended complaint and prior complaints, it does not appear likely that Plaintiff will be able to state a § 1983 conspiracy claim. The conspiracy alleged revolves around Plaintiff's arrest based on an allegedly invalid arrest warrant. An arrest warrant is issued, and therefore valid, when it is signed by a judge. *See* § 901.02(4), *F.S.*; *Henning v. Prummell*, 198 So. 3d 17 (Fla. 3d DCA 2015); *Morgan v. State*, 757 So. 2d 618 (Fla. 2d DCA 2000). A law enforcement officer may make an arrest as long as he or she believes that the person is the subject of the arrest warrant. *United States v. McDonald*, 606 F.2d 552, 553 (5th Cir. 1979). "In the context of arrest warrants, […] an officer ordinarily does not violate the Fourth Amendment when he executes a facially valid arrest warrant, regardless of whether

the facts known to the officer support probable cause." *Williams v. Aguirre*, 965 F.3d 1147, 1162 (11th Cir. 2020).

Here, a complaint for preliminary examination was prepared in the state of Illinois after Plaintiff allegedly committed the crime of aggravated domestic battery (strangulation) against Viola Jones. The complaint was purportedly signed by Judge Chiampas of the Circuit Court of Cook County, Illinois, and the complaint indicates that a warrant was issued on February 10, 2020. The Illinois arrest warrant itself also reflects that it was entered on February 10, 2020.

Following Plaintiff's arrest, law enforcement prepared a criminal report affidavit that states Plaintiff was identified as being the same person listed in the out-of-state warrant, and that the warrant was confirmed by Hillsborough County Sheriff's Office Operator #100. Plaintiff's arrest report states that the Chicago Police Department took him into custody on March 3, 2020, on a valid warrant issued by Judge Chiampas.

Any challenge Plaintiff makes to the validity of the Illinois arrest warrant does not appear relevant to his claims in this lawsuit. Even if Plaintiff now contends that the warrant was fraudulent because a detective in Illinois forged a judge's signature, he pled no specific allegations to indicate that these Florida Defendants would have any reason to know or suspect that the warrant was fraudulent.[2] ***In fact, in his response in opposition, Plaintiff agrees that***

---

[2] "In the ordinary case, an officer cannot be expected to question the [judge's] probable-cause determination because it is the [judge's] responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in

***"Defendants had no reason to know or suspect that they were not executing a facially valid arrest warrant and that its validity was confirmed prior to the plaintiff's arrest."*** (Doc. 37 at ¶ 16).

Nonetheless, in an abundance of caution, and because Plaintiff is *pro se*, the Court will permit amendment of this claim in the event that Plaintiff can allege *specific* facts to support a § 1983 conspiracy claim.

Count 2 – Intentional Infliction of Emotional Distress

In Count 2, Plaintiff asserts a claim for intentional infliction of emotional distress because he was "shocked" by Defendants' "reckless disregard for the truth." "To state a claim for intentional infliction of emotional distress under Florida law, the plaintiff must allege that: '(1) the wrongdoer's conduct was intentional or reckless; that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.'" *Casado v. Miami-Dade County*, 340 F. Supp. 3d 1320, 1332 (S.D. Fla. 2018) (quoting *Williams v. City of Minneola*, 619 So. 2d 983, 986 (Fla. 5th DCA 1993)).

Plaintiff fails to sufficiently allege any of these required elements. However, amendment would be futile because Plaintiff cannot establish that the conduct was

---

form with the requirements of the Fourth Amendment." *Messerschmidt v. Millender*, 132 S.Ct. 1235, 1245 (2012).

sufficiently outrageous to state a claim. *See id.* (explaining high bar to establish "outrageous conduct" and noting that emotional distress claims will be upheld only in "extremely rare circumstances"); *Frias v. Demings*, 823 F. Supp. 2d 1279, 1289 (M.D. Fla. 2011) ("While being subject to false arrest is embarrassing, it is not sufficiently extreme and outrageous absent some other grievous conduct.").

Moreover, Plaintiff's claims are brought against Defendants in their official capacities (and are therefore claims against the Sheriff). It is well-established that claims against a stage agency or division, such as the Sheriff, for the intentional infliction of emotional distress are barred by sovereign immunity since such claims involve allegations of wanton and willful disregard of human rights, safety, or property. § 768.29(9)(a), *F.S.*; *see Minneola*, 619 So. 2d at 986. Count 2 is dismissed, without leave to amend. Plaintiff should not include a claim for intentional infliction of emotional distress in any amended complaint.

Count 3 – Police Misconduct

In Count 3, Plaintiff asserts a claim for "police misconduct," alleging that Defendants "mishandled" or "fabricated" the dates and times on the criminal report affidavit following Plaintiff's arrest.

Plaintiff does not clearly identify which legal theory or authority he relies on to assert these claims. For instance, it is not clear whether Plaintiff intends this count to be based on state law or federal law, and this distinction is important due to the availability of certain defenses. Compounding the difficulty in understanding this claim is the fact that there does not appear to be an independent cause of action

for "police misconduct" in Florida. To the extent that Plaintiff bases this claim on alleged errors – either intentional or unintentional – in the dates and times listed in the criminal report affidavit, it is unclear how these mistakes would violate state law or rise to the level of a constitutional violation.

Again, these claims are brought against Defendants in their official capacities and are therefore claims against the Sheriff. To the extent Plaintiff is asserting any § 1983 claims, the Sheriff can be liable only when he personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Plaintiff does not allege that the Sheriff personally participated in the misconduct alleged, and Plaintiff does not allege any custom or policy that resulted in indeliberate indifference to constitutional rights. To the extent Plaintiff asserts any state law claims, the Sheriff may be immune from suit.[3]

Nonetheless, in an abundance of caution, and because Plaintiff is *pro se*, Count 3 is dismissed with leave to amend.

Count 4 – Failure to Investigate

In Count 4, Plaintiff alleges that Defendants "failed to investigate while conducting a preliminary investigation… [and] turned a blind eye to the technical investigatory resources at their disposal." Plaintiff fails to state a sufficient claim. It is unclear whether Plaintiff intends to pursue his claims in Count 4 based on

---

[3] Due to the defects of the claims, the Court does not make any determination as to sovereign immunity at this time.

state tort law or federal constitutional law, and this distinction is important for several reasons, including the availability of defenses.

To the extent Plaintiff intends to assert a § 1983 claim, he sues Defendants in their official capacity, making this a claim against the Sheriff. He fails to allege the Sheriff was personally involved in this incident, and he fails to sufficiently identify any custom or policy of the Sheriff that resulted in a deprivation of Plaintiff's constitutional rights.

In addition, Plaintiff fails to plead any facts to show that the warrant was not facially valid or that officers should have conducted any sort of investigation into the validity of the warrant before executing it. As such, it is unlikely that he will be able to plead a facially sufficient claim. As noted previously, "[i]n the context of arrest warrants, […] an officer ordinarily does not violate the Fourth Amendment when he executes a facially valid arrest warrant, regardless of whether the facts known to the officer support probable cause." *Williams*, 965 F.3d at 1162. Importantly, under existing law, officers generally bear no responsibility to investigate whether a warrant was mistakenly issued or to determine the viability of a potential defense when executing what appears to them to be a valid arrest warrant. *See Baker v. McCollan*, 443 U.S. 137, 145-46 (1979); *Pickens v. Hollowell*, 59 F.3d 1203, 1207 (11th Cir. 1995).

In this case, the warrant named Plaintiff, who was the person charged by Cook County. The warrant appears to be valid on its face, and Deputy Jenkins made a call to verify that it was still outstanding. Nothing in the warrant appears

to require further investigation. Significantly, Plaintiff himself does not appear to challenge the facial validity of the arrest warrant presented to Defendants, conceding in his response in opposition that he agreed that Defendants had no reason to know or suspect they were not executing a valid warrant. It is therefore unlikely Plaintiff will be able to state a claim based on Defendants' alleged failure to investigate the Illinois arrest warrant. Nonetheless, in an abundance of caution, and because Plaintiff is *pro se*, Count 4 is dismissed with leave to amend.

Count 5 – Malicious Prosecution

In Count 5, Plaintiff asserts a malicious prosecution claim against Defendants. It is not clear whether he intends to pursue his malicious prosecution claim under Florida law or federal law.[4] In any event, Plaintiff brought his claims against Defendants in their official capacities – therefore, his claims are actually against the Sheriff. In accordance with Florida law, Plaintiff may not bring suit against a municipality, such as the Sheriff, for malicious prosecution. *See* § 768.28(9)(a), *F.S.*; *C.P. v. Collier County*, 145 F. Supp. 3d 1085, 1094 (M.D. Fla. 2015); *Geidel,* 56 F. Supp. 2d at 1370. Because he cannot establish the common law

---

[4] Under Florida law, "[t]he elements of a malicious prosecution claim are: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." *Zivojinovich v. Ritz Carlton Hotel Co.*, 445 F. Supp. 2d 1337, 1346 (M.D. Fla. 2006) (quoting *Valdez v. GAB Robins North America, Inc.*, 924 So. 2d 862, 866 n.1 (Fla. 3d DCA 2006)). To the extent Plaintiff is asserting a federal malicious prosecution claim, he "must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004).

tort of malicious prosecution, Count 5 is dismissed, without leave to amend. Plaintiff should not include a claim for malicious prosecution against the Sheriff or Defendants in their official capacities in any amended complaint.

### Count 6 – Fourth Amendment Violation

In Count 6, Plaintiff claims that his arrest violated the Fourth Amendment because the officers arrested him without a valid warrant. This claim is facially insufficient. Again, because these claims are against Defendants in their official capacities, they are actually claims against the Sheriff. In this count, Plaintiff fails to sufficiently allege a Fourth Amendment violation against the Sheriff because he does not allege personal participation or any causal connection between a policy of the Sheriff and any alleged constitutional deprivation.

In addition, Plaintiff fails to plead any facts showing that the warrant was not facially valid. *See Williams*, 965 F.3d at 1162. To reiterate, law enforcement officers generally have no responsibility to investigate whether a warrant was mistakenly issued or to determine the viability of a potential defense when executing a valid arrest warrant. Significantly, Plaintiff himself does not appear to challenge the facial validity of the arrest warrant presented to Defendants, conceding in his response in opposition that he agreed that Defendants had no reason to know or suspect they were not executing a valid warrant. It is therefore unlikely Plaintiff will be able to state a § 1983 claim based on an alleged Fourth Amendment violation.

Nonetheless, in an abundance of caution, and because Plaintiff is *pro se*, Count 6 is dismissed with leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Motion to Dismiss Third Amended Complaint and Incorporated Memorandum of Law" (Doc. 31) is **GRANTED IN PART** and **DENIED IN PART**.

(2) The motion is **GRANTED** to the extent that "Hillsborough County Sheriff's Operator # 100" is dismissed from this action.

(3) The motion is **GRANTED** to the extent that Plaintiff's request for punitive damages is stricken. Plaintiff should not include a request for punitive damages against the Sheriff or Defendants in their official capacities in any amended complaint.

(4) The motion is **GRANTED** as to Count 2 (intentional infliction of emotional distress) and Count 5 (malicious prosecution) of the third amended complaint. These claims are **DISMISSED WITH PREJUDICE**, without leave to amend.

(5) The motion is **GRANTED** to the extent that the entire third amended complaint is **DISMISSED** as a shotgun pleading and for failure to state a claim, for the reasons set forth herein. Counts 1, 3, 4, and 6 of the third amended complaint are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(6) The motion is otherwise **DENIED WITHOUT PREJUDICE**.

(7) Plaintiff is directed to file an amended complaint to correct the defects identified in this Order on or before August 4, 2023. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of July, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**