UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY CURRY,

    Plaintiff,

v.                                                Case No. 8:22-cv-2071-TPB-UAM

THOMAS JENKINS, et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on "Defendants' Motion to Dismiss Fourth Amended Complaint and Incorporated Memorandum of Law," filed on August 17, 2023. (Doc. 42). On August 31, 2023, Plaintiff Bobby Curry filed a response in opposition. (Doc. 44). After reviewing the motion, response, legal arguments, court file, and the record, the Court finds as follows:

### Background[1]

According to Plaintiff, on February 12, 2020, he called law enforcement to assist with a wellness check on his mother when she did not answer the door.

---

[1] The Court accepts as true the facts alleged in Plaintiff's amended complaint for purposes of ruling on the pending motions to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff provided Defendant Deputy Thomas Jenkins with his full name and date of birth, which was used to check for any outstanding warrants.

Plaintiff alleges he was arrested on February 13, 2020, by Deputy Jenkins at Plaintiff's residence based on a felony arrest warrant issued by the Circuit Court of Cook County, Illinois. Plaintiff contends that the arrest by Deputy Jenkins was illegal because there was no valid felony warrant at the time of his arrest and because his arrest "lacked probable cause." Plaintiff claims that law enforcement did not properly verify the existence of a valid felony warrant. Plaintiff also complains about errors in the criminal report affidavit, which stated that he was arrested on February 14, 2020, instead of February 13, 2020. Plaintiff alleges that the warrant, which contained incorrect information, was approved by Defendant Corporal Jennifer Grecco.

In his initial lawsuit, Plaintiff sued Deputy Jenkins and Corporal Grecco in their official capacities, seeking $50,800,000.00 in damages, including punitive damages. (Docs. 1; 13; 27). The Court previously dismissed several of Plaintiff's claims, including conspiracy, intentional infliction of emotional distress, police misconduct, failure to investigate, malicious prosecution, and "Fourth Amendment violation," and it struck his claim for punitive damages. (Doc. 38). The Court granted Plaintiff an opportunity to file an amended complaint.

On August 3, 2023, Plaintiff filed his "Fourth Amended Court Ordered Complaint." (Doc. 40). In his fourth amended complaint, Plaintiff asserts claims for false imprisonment and false arrest (Count 1), Fourteenth Amendment due process

violation (Count 2), negligence (Count 3), and failure to intervene (Count 5). Defendants have moved to dismiss the fourth amendment complaint for failure to state a claim. (Doc. 42).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

As Plaintiff in this case proceeds *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a

*pro se* plaintiff must still conform to procedural rules, and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

A district court should generally permit a plaintiff at least one opportunity to amend a complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). If the plaintiff fails to comply by curing the identified defects, the court may dismiss those claims and consider the imposition of sanctions. *See id.*; *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).

## Analysis

### *§ 1983 Claims (Counts 1, 2, and 4)*

Plaintiff brings his claims against Deputy Jenkins and Corporal Grecco in their official capacities. Counts 1 and 2 assert purported § 1983 violations, Count 3 appears to assert a state law negligence claim, and it is unclear whether Plaintiff intends to pursue Count 4 through §1983 or state law.

As an initial matter, in his fourth amended complaint, Plaintiff purports to add Sheriff Chad Chronister, in his official capacity, and Hillsborough County as defendants.[2] As the Court previously explained in its prior Order, "[t]he Eleventh

---

[2] Hillsborough County is likely not a proper defendant. In most circumstances, a county cannot be held legally responsible for the law enforcement function of the Sheriff. *See L.S. by Hernandez v. Peterson*, 18-cv-61577, 2018 WL 6573124, at *9 (S.D. Fla. Dec. 13, 2018) (explaining that a county cannot be liable for a policy or action of the sheriff since the county has no authority to control the law enforcement functions of the sheriff). Plaintiff has not offered any basis for potential liability of the County. However, because the Court is dismissing the fourth amended complaint with prejudice, it will not further address this issue.

Circuit has clearly established that suits brought against individuals in their official capacities for violations of 42 U.S.C. § 1983 are tantamount to suing the municipality itself." *Geidel v. City of Bradenton Beach*, 565 F. Supp. 2d 1359, 1369 (M.D. Fla. 1999) (citing *Busby v. City of Orlando*, 931 F.2d 764, 766 (11th Cir. 1991)). As such, the Court found that although Plaintiff chose to sue Deputy Jenkins and Corporal Grecco in their official capacities, his intended defendant is actually the Sheriff. *See id*.

Rather than correct this error in his fourth amendment complaint, Plaintiff has compounded it by including claims against Deputy Jenkins and Corporal Grecco, in their official capacities, and against Sheriff Chronister in his official capacity. The claims against Sheriff Chad Chronister are duplicative of the claims against Deputy Jenkins and Corporal Grecco already in this case, so the claims against Deputy Jenkins and Corporal Grecco are subject to dismissal. See *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *C.P. by and through Perez v. Collier County*, 145 F. Supp. 3d 1085, 1091 (M.D. Fla. 2015).

It is well-established that a § 1983 claim may not be brought against supervisory officials simply on the basis of vicarious liability or respondeat superior. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Instead, a supervisor can be liable only when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervisor and the alleged constitutional violation. *Id*. "In the absence of personal participation, the causal connection can be shown where a supervisor's

policy or custom results in deliberate indifference to constitutional rights, or where 'the facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Turner*, 2021 WL 1564324, at *3 (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). Plaintiff has not sufficiently alleged that the Sheriff is liable for any violation of § 1983 because he failed to adequately plead that Deputy Jenkins's and Corporal Grecco's actions were due to a policy or custom of the Sheriff.[3] The Court has already dismissed a prior complaint for this reason, and Plaintiff has failed to cure this defect in his fourth amended complaint.

***Counts 1, 2, 3, and 4***

In these counts, proceeding under various legal theories, Plaintiff essentially alleges that his arrest was unlawful because (1) Deputy Jenkins arrested him without probable cause and provided false statements on the criminal report affidavit concerning the time of arrest, (2) Corporal Grecco failed to ensure that the criminal report affidavit was free of errors, specifically concerning the time of arrest.

First, with regard to Plaintiff's arguments concerning the alleged lack of probable cause, he admits that Deputy Jenkins arrested him pursuant to an Illinois arrest warrant.[4] The Court previously dismissed similar claims after finding that

---

[3] In fact, he appears to allege that Deputy Jenkins and Corporal Grecco violated certain policies of the Sheriff, including Hillsborough County Sheriff's Office standard operating procedure regarding reviewing and editing reports.
[4] Plaintiff appears to take some issue with the fact that Deputy Jenkins held him in the police cruiser while running a warrant check through the National Crime Information Center ("NCIC") database. Plaintiff does not plausibly allege that this NCIC search was

Plaintiff had failed to plead any facts to show that the Illinois arrest warrant was not facially valid or that officers should have conducted any sort of investigation into the validity of the warrant before executing it. After all, "[i]n the context of arrest warrants, […] an officer ordinarily does not violate the Fourth Amendment when he executes a facially valid arrest warrant, regardless of whether the facts known to the officer support probable cause." *Williams v. Aguirre*, 965 F.3d 1147, 1162 (11th Cir. 2020). And importantly, under existing law, officers generally bear no responsibility to investigate whether a warrant was mistakenly issued or to determine the viability of a potential defense when executing what appears to them to be a valid arrest warrant. *See Baker v. McCollan*, 443 U.S. 137, 145-46 (1979); *Pickens v. Hollowell*, 59 F.3d 1203, 1207 (11th Cir. 1995).

 In this case, the warrant named Plaintiff, who was the person charged by Cook County. Plaintiff does not dispute that he is the person named in the warrant. The warrant appears to be valid on its face, and Deputy Jenkins made a call to verify that it was still outstanding. Nothing in the warrant appears to require further investigation. Plaintiff does not allege facts that would suggest that probable cause was lacking at the time of arrest. ***Significantly, Plaintiff himself does not appear to challenge the facial validity of the arrest warrant presented to Defendants, previously conceding that he agreed that Defendants had no reason to know or suspect they were not executing a***

---

the only warrant check, however, or that the failure to obtain an NCIC confirmation would render an arrest invalid or illegal. More importantly, Plaintiff does not allege that Deputy Jenkins did not have knowledge of the Illinois warrant prior to Plaintiff's arrest.

***valid warrant***. (Doc. 37 at ¶ 16). He has not alleged any additional facts in his amended complaint to change this outcome. Plaintiff has been given the opportunity to cure pleading deficiencies, and the Court declines to grant another opportunity here.

Second, with regard to Plaintiff's claims concerning the alleged error concerning the reported time of arrest in the criminal report affidavit, the Court finds that Plaintiff cannot state any cognizable claims for relief. A court considers whether a misstatement in an arrest affidavit amounts to a constitutional violation by asking "whether there was an intentional or reckless misstatement or omission" and examining "the materiality of the information by inquiring whether probable cause would be negated if the offending statement was removed." *See Spinnenweber v. Williams*, 825 F. App'x 730, 733 (11th Cir. 2020).

In this case, the allegedly false statement concerning the time of arrest in the Hillsborough County criminal report affidavit is an obvious typographical error and completely immaterial to the issue of probable cause or the existence of a valid Illinois arrest warrant. Plaintiff has not and cannot allege that had the date been correctly listed on the Tampa criminal report affidavit, he would not have been arrested. This obvious typographical error cannot support the establishment of any constitutional or common law violation.[5]

Plaintiff was granted an opportunity to cure the defects in his prior complaint, and he has failed to do so. Moreover, it does not appear that he can

---

[5] Plaintiff has not pled the required elements of a negligence claim, nor can he under these facts.

allege any facts to support any viable causes of action here. Consequently, his complaint is dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Motion to Dismiss Fourth Amended Complaint and Incorporated Memorandum of Law" (Doc. 42) is **GRANTED**.

(2) The fourth amended complaint (Doc. 40) is **DISMISSED WITH PREJUDICE**.

(3) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of September, 2023.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**